**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BRITTANY KILCHER,

Plaintiff,

v.

1:19-CV-158
(BKS/ATB)

ALBANY COUNTY, et al.,

Defendants.

BRITTANY KILCHER, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

The Clerk has sent to the Court a civil rights complaint filed by pro se plaintiff
Brittany Kilcher. (Dkt. No. 1) Plaintiff has also filed an application to proceed in forma
pauperis ("IFP"). (Dkt. No. 2). For the following reasons, this court will grant
plaintiff's IFP application. However, the court will also recommend dismissal of
plaintiff's claims without prejudice in part and dismissal with prejudice in part pursuant
to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.    IFP Application

A review of plaintiff's IFP application shows that she declares she is unable to
pay the filing fee. (Dkt. No. 2). The court agrees and finds that plaintiff is financially
eligible to proceed IFP.

In addition to determining whether plaintiff meets the financial criteria to

proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).  The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.   Complaint

The complaint in this action is confusing.  Plaintiff lists names in the caption of her IFP application that she does not list in the caption of her complaint or in the section of the form-civil rights complaint which requires the plaintiff to list defendants. (*Compare* Dkt. No. 2 at 1 *with* Dkt. No. 1 at 1 and ¶ 3(a)-3(c)).  In addition, plaintiff attaches a "Notice of Intention to File Claim" ("Notice of Claim") that is addressed to the "Albany County Corporation Counsel, Sheriff Craig Apple, and David Soares."[1] (Complaint ("Compl.") at CM/ECF pp.5-9).  The defendants listed in the Notice of Claim match the defendants who are listed in the IFP application.  However, plaintiff has provided proposed summonses only for defendants Albany County, Albany County Sheriff, and Investigator Andrus. (Dkt. No. 2-1-2-3).  Thus, for purposes of this Order and Report-Recommendation, the court will consider that plaintiff's section 1983 complaint form, which matches the proposed summonses, list the only defendants who plaintiff wishes to sue in this federal action.

---

[1] The court notes that Albany County has a County Attorney, while the City has a Corporation Counsel.  Because plaintiff is attempting to name Albany County entities/individuals, the court assumes that plaintiff meant to write "Albany County Attorney" in her Notice of Claim.  The court also notes that David Soares is the District Attorney of Albany County.

There are many individuals mentioned in the body of the Notice of Claim who are not mentioned in the form-section 1983 complaint, although the Notice of Claim appears to slightly clarify plaintiff's claims. Plaintiff references the Notice of Claim in her form-section 1983 claims, thus, the court will read the two documents together, even though the court only considers as defendants, the three mentioned in the caption of the complaint and the summonses. The court will attempt to summarize the various issues that plaintiff may be trying to raise in this action. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

As stated above, the form-complaint names three defendants: Craig Apple/Albany County Sheriff's Department, Albany County, and Investigator Corey Andrus. (Compl. at 1, ¶ 3(a)-3(c)). Craig Apple is listed as the Sheriff of Albany County. (Compl. ¶ 3(a)). Plaintiff alleges that on October 4, 2018, she was subjected to discrimination, slander, and libel, due to "PTSD," and she was terminated from her "pro bono" work with the Sheriff's Department and Albany County. (Compl. ¶ 4). In the Notice of Claim,[2] plaintiff alleges that she was "turned away" from this volunteer activity,[3] which "undoubtedly" would result in "loss of income in excess of 1,000,000,000 dollars as a Criminal Justice graduate and future attorney or police

---

[2] Plaintiff has numbered the pages of her Notice of Claim, thus, the court will cite to the pages as they have been numbered at the bottom of the page by plaintiff.

[3] Plaintiff lists this program as the Albany County Sheriff's and Albany County District Attorney's Office Rape Aggression Defense Team. (Notice of Claim at 1).

officer in the area." (Notice of Claim at 2). She does not associate this conduct with any particular individual defendant in any of her documents. Her first cause of action is entitled "Discrimination, Slander." She then states that she was "discriminated against in and terminated from" her "Pro Bono" work. (Compl. ¶ 5, First Cause of Action). Plaintiff states that "Investigators" harassed her family with slander against plaintiff. (*Id.*)

Next, plaintiff states that between October 14, 2018 and October 18, 2018, she was incarcerated in the Albany County Correctional Facility ("ACCF"). Plaintiff claims that she does not remember being arrested, but that she "became aware" that prior to her incarceration, she had been drugged and sexually assaulted. (Compl. ¶ 4). In her Notice of Claim, plaintiff states that she became aware of this fact on October 14, 2018, after she became violently ill while she was incarcerated. Plaintiff alleges that she began to remember the facts of the night before at approximately 3:30 p.m. Plaintiff's Notice of Claim details how she reported her beliefs to one of the officers, and how poorly she was treated by the staff at ACCF. Plaintiff states that she requested a "Rape Kit," several times from a corrections officer, but that she was initially ignored. Plaintiff states that the officer finally told a lieutenant, who stated that he would report the information to "medical," but "hours" passed before anyone helped plaintiff. (Notice of Claim at 2). Plaintiff stated that she sat "in agony" with stomach pain, "crying and more." (*Id.*)

When "medical" arrived, plaintiff asked about the Rape Kit, but was told that no one requested it from the medical staff. (*Id.*) Although the RN from "medical" was respectful, the officers who were escorting the RN abused plaintiff verbally. Plaintiff states that although she was eventually brought to the hospital,[4] "the evidence was likely lost, thus allowing [her] rapist/drugger to go free." (Notice of Claim at 2).

When she was taken back to the ACCF from the hospital, plaintiff states that she was held in a "medical ward," with no working drinking water, a heart rate of 120, and vomiting blood. (Notice of Claim at 3) Plaintiff has included great detail in her Notice of Claim about the poor treatment[5] and lack of medical assistance that she suffered for the next two days[6] while she was incarcerated at the ACCF. (Notice of Claim at 3). Plaintiff states that on October 16, 2018, she was left alone with a large plastic garbage bag, which she hid under her mattress and "determined that if [she] was not bailed out or at least on the tier by Friday, [she] would suffocate [herself] . . . ." However, she has not associated the allegedly improper conduct with any named defendant, and in her Notice of Claim, she has only named individual corrections officers who ultimately helped plaintiff obtain care.

Plaintiff next states that "a lieutenant" failed to report her drugging and sexual

---

[4] Plaintiff also states that while she was at the hospital, the "officers" attempted to have plaintiff handcuffed to the bed, which resulted in excessive bruising and "musculoskeletal pain" for several weeks. (Notice of claim at 3).

[5] Plaintiff claims that she was falsely "labeled" a drug addict, forced to "take" suppositories, and denied a urinary tract infection test. (Notice of Claim at 3).

[6] Plaintiff states that these dates are Monday, October 15 to Wednesday, October 17, 2018.

assault, and that Investigator Andrus "refuses to investigate." (Compl. ¶ 5, Second Cause of Action). In her Notice of Claim, plaintiff states that on November 5, 2018, she spoke to "the Sgt." at the Albany County Sheriff's Office who told plaintiff that defendant Andrus "did not do any investigating" because the Police Department never received any of plaintiff's alleged 911 calls from the night of her arrest. (Notice of Claim at 3). Neither Investigator Andrus nor Matthew Wilson,[7] the Saratoga Springs investigator contacted plaintiff. Plaintiff claims that Investigator Wilson was told that defendant Andrus would continue investigating, and the two would later meet to "brief each other." (*Id.*)

Plaintiff claims that evidence was lost because of defendant Andrus's conduct, and plaintiff was never able to obtain the "Pearl Street Pub footage." (*Id.*) Plaintiff claims that Pearl Street Pub might have been the location where she was sexually assaulted. (*Id.*) Plaintiff then alleges that the lack of investigation forced her to get "answers [herself]" at the Pearl Street Pub, resulting in her wrongful arrest and attorneys fees.[8] (Notice of Claim at 4). Plaintiff alleges that the week of November 10, 2018, a Sheriff's investigator tried to retrieve video footage "despite [her] demands not to investigate, and for them to transfer her case to the New York State Police." (Notice of Claim at 4). Plaintiff claims that this was done to "cover-up wrongdoing." (*Id.*)

---

[7] Investigator Wilson is not a named defendant.

[8] Plaintiff does not specify when this allegedly "wrongful" arrest took place, and it is not part of this federal action.

7

Plaintiff states that on November 16, 2018, the Albany County Sheriff failed to "arrive to my emergency phone calls, resulting in severe emotional distress, property damage, physical damage, and false arrest by APD, who they knew were conspiring against [her] and likely willing participants in the conspiracy . . . ." (*Id.*)  Plaintiff claims that on December 10, 2018, District Attorney David Soares "unlawfully kept FOILable information from [plaintiff] in an effort to destroy evidence that [she has]" which would prove that her discrimination complaints were left unanswered "and to continue to maliciously prosecute in an effort to discredit me, unnecessarily and untruthfully."[9] (*Id.*)

In her Notice of Claim, plaintiff states that "Sergeant Noonan"[10] failed to investigate and "classify" her complaints properly.  Plaintiff states that defendant Sheriff Apple, Undersheriff Monteleone,[11] Sergeant "Noon,"[12] defendant Andrus, "and multiple other agents of the Albany County Sheriff's Department" refuse to contact her to hear her complaints, and they "have unlawfully blocked [her] on the Sheriff's public

---

[9] Malicious prosecution is not a claim in this federal action. There are no details supporting this conclusory statement.  In any event, plaintiff would not be able to sue the District Attorney for his decision to prosecute plaintiff because he would be entitled to absolute immunity in that instance. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the grand jury).

[10] Sergeant Noonan is not a named defendant in this action.  In any event, as discussed fully below, any failure to investigate would not be actionable under section 1983.

[11] Undersheriff Monteleone is not a named defendant in this action.

[12] Plaintiff may be referring to Sergeant "Noonan."

official Facebook page in violation of [her] First Amendment rights."[13]  She also claims that they have blocked her from emailing them and from emailing her Crime Victims' Advocate, also in violation of the First Amendment and in violation of her right to "Victims' Services in New York State." (Notice of Claim at 4).

Plaintiff states that the Sheriff's Office continues to refuse to investigate her sexual assault or to turn the investigation over the New York State Police. (*Id.*) Plaintiff also states that she has been "dismiss[ed]" from serving on the Community Accountability Board "in a discriminatory and illegal manner." (*Id.*)  Plaintiff claims that the County "continues" to inappropriately and maliciously prosecute her for charges to which "they know [she has] an affirmative defense," and the County continues to maliciously prosecute her "despite our prior personal and professional relationships," and the County continues to "discriminate in the Rape Aggression Defense Program as well as the Community Accountability Board." (*Id.*)

The following allegations are only contained in the plaintiff's Notice of Claim and do not appear to be included in the federal action, but the court will summarize what plaintiff has stated.  Plaintiff claims that the County District Attorney has neglected to respond to plaintiff's messages regarding misconduct in the Police Department since September of 2018. (*Id.*)  Plaintiff claims that the District Attorney has "repeatedly violated [her] rights to not obtain evidence under false pretenses and

_____

[13] In her form-complaint, plaintiff alleges that the Sheriff himself "blocked" her from the Sheriff's public Facebook page from October 14, 2018 "to present." (Compl. ¶ 4).

[her] rights to not obtain evidence through a personal complaint." (*Id.*)

Plaintiff claims that on December 13, 2018, she was made to feel uncomfortable during a Family Court hearing when a deputy "thanked" the corporation counsel for "taking on this case." (Notice of Claim at 5). Plaintiff concludes her Notice of Claim by stating that the violation of plaintiff's rights and resulting damages were caused by "negligence and/or a custom, policy, regulation, and/or the deliberate indifference of the County of Albany, the [ACCF], the Albany County District Attorney's office and the Albany County Sheriff's Department." (*Id.*)

## DISCUSSION

### I.    Right to Investigation

#### A.    Legal Standards

Plaintiff has no constitutional right to an investigation of any sort by government officials. *See Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008); *Lewis v. Gallivan*, 315 F. Supp. 2d 313, 317 (W.D.N.Y. 2004) (citing cases). The Due Process clause generally confers no affirmative right to governmental aid, and "there is no constitutional violation where the government refuses to investigate a crime . . . ." *Bernstein*, 591 F. Supp. 2d at 460 & n.106 (citing *Longi v. County of Suffolk*, No. CV-02-5821, 2008 WL 858997, at *6 (E.D.N.Y. Mar. 27, 2008)).

#### B.    Application

Plaintiff alleges that from October 17, 2018 to the present, defendant Corey

Andrus has refused to investigate her claim that she was sexually assaulted and drugged prior to being arrested. Because plaintiff has no constitutional right to an investigation, this claim against defendant Andrus fails. *See Ehlers v. C.I.A.*, No. 6:15-CV-387, 2015 WL 3637431, at *3 (N.D.N.Y. June 10, 2015), *adopting Rep't Rec.* (N.D.N.Y. Apr. 16, 2015) (dismissing with prejudice on initial review claim that officials failed to investigate a crime).

## II.   Blocking Plaintiff on Facebook (First Amendment)

### A.   Legal Standards

To state a claim under section 1983 in general, the plaintiff must allege both that the defendant has violated plaintiff's rights under either the Constitution or laws of the United States and that the defendant acted "under color of state law." *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010); 42 U.S.C. § 1983. A plaintiff may recover under section 1983 by asserting a violation of her First Amendment rights. *Dingwell v. Cossette*, 327 F. Supp. 3d 462, 469 (D. Conn. 2018). Such claims are generally in the nature of retaliation claims because the government's conduct was "in retaliation" for the expression protected by the First Amendment. *See id.*

In order to state a First Amendment claim, plaintiff must allege that she had a right protected by the First Amendment, the defendant's actions were motivated or substantially caused by the exercise of that right, and the defendant's retaliatory actions caused the plaintiff some injury. *Id.* (citing *Dorsett v. County of Nassau*, 732 F.3d 157,

160 (2d Cir. 2013)). These injuries may include an adverse affect on plaintiff's speech resulting from the government's retaliation, loss of business, or other "tangible" injury. *Id.* Hurt feelings or bruised egos are not by themselves sufficient injuries. *Id.* (citing *Zherka v. Amicone*, 634 F.3d 642, 645-46 (2d Cir. 2011)). In *Vaher v. Town of Orangetown,* 916 F. Supp. 2d 404, 431-32 (S.D.N.Y. 2013), the court listed injuries resulting from the defendants' retaliatory conduct, including harm to professional reputation, temporary modification of plaintiff's job responsibilities, further harassment and intimidation by defendants, and economic loss. The plaintiff may also show that her speech was "actually chilled," and that the defendants' actions caused a change in behavior. *Id.* (citations omitted).

In *Dingwell*, plaintiff claimed that he was blocked from posting on the Police Department's Facebook page, based on his public criticism of the department contained in his postings. *Id.* at 470. In finding that plaintiff stated a claim, the court in *Dingwell* cited *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 549 (S.D.N.Y. 2018) in which the court held that blocking the individual plaintiffs from the @realDonaldTrump Twitter account because of their expressed political views violated the First Amendment.

## B. Application

In plaintiff's form-complaint, she simply states that defendant Apple blocked her on Facebook. (Compl. ¶ 4). In her Notice of Claim, plaintiff states that defendant

Apple, together with other individuals, including defendant Andrus and "multiple other agents of the Albany County Sheriff's office refuse to contact me to hear my complaints, have unlawfully blocked me on the Sheriff's public official Facebook page in violation of my First Amendment rights, have unlawfully blocked me from emailing them all and more persons . . . ." (Notice of Claim at 4).

Plaintiff does not explain why she was blocked from Facebook, and she does not allege that she was blocked from Facebook or from emailing officials in retaliation for her views or her criticism of the office. From her complaint form, it appears that she alleges that only the Sheriff was responsible for this conduct, but her Notice of Claim contains several allegations against several individuals, some of whom are not named defendants. Thus, the court cannot determine what conduct was committed by which defendant or defendants. Conclusory allegations are insufficient to state a section 1983 claim. *Ashcroft v. Iqbal*, 556 U.S. at 678. Thus, the court will recommend dismissing without prejudice to plaintiff filing an amended complaint to clarify her claims.

## III. "Volunteer" Work

### A. Legal Standards

In order to state a constitutional procedural due process claim for loss of work, plaintiff would first have to show that she had a property interest in her volunteer position. *Simpson v. O'Sullivan*, No. 09-CV-2334, 2010 WL 4608741, at *2 (E.D.N.Y. Nov. 2, 2010). If that showing is made, the court must determine whether that property

interest is protected by the Fourteenth Amendment. *Id.* If so, then plaintiff must also allege that the defendant or defendants deprived her of that interest without due process. *Id.*

Plaintiff could also state a substantive due process claim for loss of her volunteer position if she could assert a "stigma plus" claim. *Id.* In order to assert such a claim, plaintiff must allege that the defendant uttered a false statement,[14] which was injurious to plaintiff's reputation, together with "'some tangible and material state imposed burden in addition to the stigmatizing statement.'" *Id.* (quoting *Monserrate v. New York State Senate*, 599 F.3d 148, 158 (2d Cir. 2010)).

**B.    Application**

In plaintiff's complaint form, she states that on October 4, 2018, she was subjected to discrimination, slander, and libel due to PTSD. Then she states that she was terminated from her "pro bono" work with the Sheriff's Department and County. (Compl. at ¶ 4). She then references her Notice of Claim, in which she states that she was "the subject of unlawful discrimination by being turned away from a volunteer activity with the Albany County Sheriff's and District Attorney's Rape Aggression Defense team." (Notice of Claim at 2).

It is unclear whether plaintiff is trying to allege that she was turned away from her volunteer position because she had PTSD or whether she was subjected to

---

[14] This could be related to her attempted "defamation and slander" claims.

"discrimination, libel, and slander" due to PTSD, and the termination of employment was for some other reason. She also fails to allege which defendant or defendants were responsible for this action. She does not appear to be making a statutory Americans with Disabilities Act[15] claim, and her conclusory allegations do not state a procedural or a substantive due process claim.

With respect to her procedural due process claim, plaintiff has not alleged any property right in maintaining volunteer or "pro bono" employment with the Sheriff's department or the County. She has failed to cite any statutory basis, state law or otherwise, that would afford her such a property interest. Without an alleged property interest, any procedural due process claim may be dismissed. *See Simpson, supra*.

With respect to a substantive due process claim, it is unclear why plaintiff was terminated from her position. She alleges "discrimination, libel, and slander," but does not indicate how this conduct was relevant to her dismissal from her volunteer position. In any event, any substantive due process claim fails because even if she had alleged a "stigma," she has not stated a tangible injury because she lacked a property interest in her volunteer position. *Id.* (plaintiff failed to state a substantive due process claim because he had no legal right to his volunteer position). Plaintiff's conclusory statements fall short of stating a claim. However, the court will recommend dismissing plaintiff's claim without prejudice to her amending her complaint to clarify her

---

[15] 42 U.S.C. § 12101 et seq.

allegations.

## IV. **False Arrest/Denial of Telephone Calls**

### A. **Legal Standards**

In order to prevail on a false arrest claim, plaintiff must plausibly allege that the defendant intended to confine her, plaintiff was conscious of the confinement, the plaintiff did not consent to the confinement, and the confinement was not "otherwise privileged." *Jocks v. Tavernier*, 316 F.3d 128, 134-35 (2d Cir. 2003) (internal quotation marks omitted)). An arrest by a police officer is privileged if it is based on probable cause. *Id.* at 135. However, "'[t]he defendant has the burden of raising and proving the affirmative defense of probable cause.'" *Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003) (citations omitted).

False arrest is a type of false imprisonment, and the elements are substantially the same. *Wyant v. Okst*, 101 F.3d 845 (2d Cir. 1996). In order to state a claim for false imprisonment, under New York law, the plaintiff must allege that the defendant intended to confine plaintiff, the plaintiff was conscious of the confinement, the plaintiff did not consent to the confinement, and the confinement was not otherwise privileged. *Id. See also Campbell v. City of New York*, No. 16-CV-7201, 2019 WL 569768, at *5 (E.D.N.Y. Feb. 11, 2019) (discussing standards for false arrest and false imprisonment under the Fourth Amendment, based upon an analysis of the law of the state in which the arrest occurred).

## B.     Application

It is unclear whether plaintiff is actually claiming that she was falsely arrested.
She does not mention false arrest in the form complaint, but she does state in her notice
of claim that "during [her] time wrongfully remanded as a victim to [ACCF]," she was
denied "bail" calls or calls to her employer.  To the extent that plaintiff is attempting to
allege false arrest, she does not state any particular facts that would establish such a
claim, nor does she sue any particular individual who might have been responsible for
the conduct.  Her conclusory statements do not suffice.

Plaintiff alleges that she was denied "bail" calls, and in both her form complaint
and the Notice of Claim, she asserts that "multiple" corrections officers lied to her
family about the amount of bail, thus, causing plaintiff to be incarcerated "longer than
necessary." (Notice of Claim at 2).  Plaintiff may somehow be attempting to allege
some form of false imprisonment.  Although plaintiff alleges that the denial of
telephone calls falls under the Eighth Amendment, the court notes that to the extent that
she is claiming that her incarceration lasted longer than necessary or that her liberty was
somehow prevented by some defendant's actions, any such claim would be brought
under the Fourth and Fourteenth Amendment.  In addition, as discussed below,
allegations of mistreatment of pretrial detainees in state custody are brought under the
Due Process Clause of the Fourteenth Amendment.  *See Darnell v. Pineiro*, 849 F.3d
17, 29 (2d Cir. 2017) (citations omitted).

Regardless of the alleged constitutional protection, plaintiff does not indicate who arrested her, nor has she alleged that there was no probable cause for her arrest. To the extent that plaintiff claims that the denial of telephone calls was responsible for her extended incarceration, she has not alleged who was responsible for the denial of these telephone calls.[16]  Plaintiff is advised that personal involvement is a prerequisite to the assessment of damages in a section 1983 case, and respondeat superior is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). Thus, the court will recommend dismissal without prejudice of any false arrest or false imprisonment claims, in addition to any claims that some corrections officer denied plaintiff the opportunity to call someone to post bail or lied to her family about the bail amount so that she would remain incarcerated.

## V.    Conditions of Confinement/Excessive Force/Medical Care

### A.    Legal Standards

As stated above, claims regarding the confinement of pretrial detainees are brought under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Darnell v. Pineiro*, *supra*.  The due process clause is applicable because pretrial detainees have not yet been convicted of a crime and thus, may not be punished in any manner, cruel or

---

[16] At this time, the court is in no way finding that the denial of such calls rose to the level of a constitutional violation.

otherwise. *Id.* (citations omitted). A pretrial detainee may establish a section 1983 claim for allegedly unconstitutional conditions of confinement by showing that the defendant officers acted with deliberate indifference to the challenged conditions. *Id.* In *Darnell*, the Second Circuit clarified the standard for deliberate indifference as it applies to pretrial detainees. *Id.* at 29-37.

To establish a claim for deliberate indifference to conditions of confinement under the Due Process Clause, the plaintiff must

> prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew or should have known, that the condition posed an excessive risk to health or safety.

*Id.* at 35. The Second Circuit concluded that deliberate indifference for due process purposes must be defined "objectively." *Id.* However, any claim for a due process violation requires more than mere negligence. *Id.* (citing *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2472 (2015)).

A claim for inadequate medical care for a pretrial detainee requires a showing of "deliberate indifference to . . . serious medical needs," which requires proof of two elements: "medical need" and "deliberate indifference." *See Valdiviezo v. Boyer*, 17-1093, 2018 WL 5096345, at *2 (2d Cir. Oct. 18, 2018) (citing *Darnell v. Pineiro*, 849 F.3d at 29). The plaintiff must show that she actually did not receive adequate care and that the inadequacy in the medical care was sufficiently serious. *Id.* (citing *Valdiviezo v. Boyer*, *supra*).

Pretrial detainees who bring claims of excessive force must allege that the force used purposely or knowingly against them was "objectively unreasonable." *Szabo v. Parascandolo*, No. 16-CV-3683, 2019 WL 481925, at *5 (E.D.N.Y. Feb. 7, 2019) (citing *Kingsley v. Hendrickson*, 135 S. Ct. at 2473).

## B.    Application

Although plaintiff claims that she was the victim of excessive force, she does not explain who subjected her to the excessive force or what force was administered.[17] Thus, although alleging excessive force may state a claim under section 1983, plaintiff's claim fails at this time because she has not alleged any facts in support of her claim.  Plaintiff also alleges that she was denied proper medical care while she was incarcerated at ACCF.  At least for her medical care claim, plaintiff has included details of the alleged conduct of jail officials in her Notice of Claim. While such allegations could rise to the level of constitutional violations, she has failed to allege any individual who was responsible for denying her proper care.

Plaintiff also seems to challenge the conditions of her confinement.  She states that she was placed in a single medical cell, forced to take laxatives, and was provided no drinking water. (Compl. ¶ 4, Third Cause of Action).  In her Notice of Claim, she elaborates on this claim. (Notice of Claim at 3).  In her Notice of Claim she states that she was held in the medical ward without adequate treatment, was forced to take suppositories, became dehydrated because of the lack of drinking water, was "abused

---

[17] To the extent that plaintiff is alleging that she was drugged and assaulted before her arrest and incarceration, she would not be able to bring such a claim in this action because they would not relate to the named defendants. It is unclear from the complaint who plaintiff claims assaulted her.

both physically and verbally by medical staff," and was forced to sit for hours in soiled pants. Plaintiff claims that she was so distraught over these actions that she contemplated suicide. (*Id.*) However, she does not name or describe any individual officer or member of the medical staff who were allegedly responsible for these conditions or this conduct.

In her Causes of Action, plaintiff states that "Negligence: A lieutenant failed to report [her] drugging and sexual assault leaving [her] in medical pain for hours and losing evidence." (Compl. Second Cause of Action). To the extent that plaintiff claims negligence by any defendant, negligence is not actionable under section 1983. *Darnell v. Pineiro*, 849 F.3d at 35. Thus, the court will recommend dismissing plaintiff's claims of excessive force, denial of medical care, and conditions of confinement without prejudice and with leave to amend to clarify her claims and include the individuals who were involved in the alleged conduct.

The court notes that plaintiff also alleges various instance of verbal abuse by the officers and "medical staff." It is well established that verbal abuse and profanity is not actionable conduct under 42 U.S.C. § 1983, because such abuse does not violate any protected federal right. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir.1986) (per curiam); *Crown v. Croce*, 967 F. Supp. 101, 104 (S.D.N.Y.1997); *Beal v. City of New York*, No. 92 Civ. 0718, 1994 WL 163954, at *6 (S.D.N.Y. Apr. 22, 1994) ("mere verbal abuse, and even vile language, does not give rise to a cognizable claim under Section 1983"), *aff'd*, 89 F.3d 826 (2d Cir.1995). So, plaintiff's claims of verbal abuse may be dismissed with prejudice.

## VI. **Municipal Liability**

### A. **Legal Standards**

It is well-settled that in order to establish liability of a municipality pursuant to 42 U.S.C. § 1983 for violation of civil or constitutional rights, a plaintiff must allege that the municipality "has adopted a 'custom' or 'policy' which is the 'moving force' behind [the violation]." *Zappala v. Albicelli*, 980 F. Supp. 635, 639 (N.D.N.Y. 1997) (citing *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 689 (1978)) (other citations omitted). Generally speaking, a single incident alleged in a complaint, especially if it involved only actors below the policymaking level, will not suffice to raise an inference of the existence of a custom or policy. *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993), *overruled on other grounds by Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, the Supreme Court has stated that municipal liability under section 1983 may be established even with a single act of a municipal policymaker whose acts represent official policy. *See Stalter v. County of Orange*, 345 F. Supp. 3d 378, 392 & n.4 (S.D.N.Y. Nov. 5, 2018) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)).

### B. **Application**

In this case, plaintiff names Albany County as a defendant, but she has failed to allege any policy or custom of the County that was allegedly responsible for her injuries. The only allegations that could potentially be sufficient to involve the County

would be if plaintiff claimed that the Sheriff himself "blocked" plaintiff on Facebook or if the Sheriff had been personally involved in terminating plaintiff from her volunteer position, depending on whether plaintiff could ultimately state a constitutional claim based on this alleged conduct. Thus, any claims against Albany County may be dismissed without prejudice to plaintiff filing an amended complaint.

## VII. <u>Opportunity to Amend</u>

### A. **Legal Standards**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B. **Application**

Although this court is recommending dismissal of the entire complaint, any dismissal should be without prejudice to plaintiff submitting an amended complaint with respect to all her claims, except the failure to investigate and any negligence claims. In amending her complaint, she should clarify the facts and the claims that she is including in her federal action, not simply by referring to her general Notice of Claim. She should attempt to name, identify the positions of, or describe any individuals who were allegedly responsible for the denial of medical care and the conditions of her confinement. If plaintiff claims that she was the victim of excessive force, she should include the facts upon which she bases such an allegation, and she must name or describe the individual who was responsible for the unconstitutional

conduct and when the incident occurred.  Any amended complaint must be a ***complete pleading*** which will supercede the original.  Plaintiff may ***not*** incorporate by reference any of the original complaint into her amended complaint.

WHEREFORE, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING**, and it is

**RECOMMENDED**, that any claims of **failure to investigate** by defendant **COREY ANDRUS**, and any **negligence claims against any defendants** be dismissed **WITH PREJUDICE**, and the complaint be dismissed in its entirety as to defendant **Andrus**, and it is

**RECOMMENDED**, that all other claims in the complaint be **DISMISSED WITHOUT PREJUDICE TO PLAINTIFF SUBMITTING AN AMENDED COMPLAINT FOR THE COURT'S REVIEW**, and it is

**RECOMMENDED**, that if the District Court adopts this Recommendation, plaintiff be afforded **THIRTY (30) DAYS** from the date of the District Court's order within which to file an amended complaint in accordance with the Report-Recommendation above or ask for an extension of time to do so, and it is

**RECOMMENDED**, that when plaintiff files a proposed amended complaint, the matter be returned to me for further review, and it is

**RECOMMENDED**, that if plaintiff fails to file a proposed amended complaint or ask for an extension of time to do so within thirty (30) days of an order adopting this Recommendation, the complaint be dismissed in its entirety with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 25, 2019

**Hon. Andrew T. Baxter**
**U.S. Magistrate Judge**